The next case on the call of the docket is agenda number 3, case number 127680, People of the State of Illinois v. John Pingleton. Our first lawyer this morning will be Edward J. Wittig. Edward, please begin. Your honors, may it please the court, counsel, my name is Edward Wittig. Could you speak as loud as you can? Yes, your honor. Is this better? Yes. Thank you. My name is Edward Wittig. I'm with the Office of the State Appellate Defender. I represent the petitioner-appellant, Mr. John Pingleton, on this appeal. In Mr. Pingleton's case, the appellate court reversibly erred when it found that a clear violation of Mr. Pingleton's constitutional right to procedural due process during the second stage of the Post-Conviction Hearing Act was harmless error. In so doing, the appellate court ignored the fundamental unfairness caused by the circuit court utilizing a procedure that forced the litigant to proceed on dispositive motion without any knowledge of the motion's contents, noticed that it would be argued at the hearing while he was uncertain on the status of his counsel's representation, and while deprived of any real opportunity or mechanism to voice his objections to that motion. Before discussing the appellate court's conclusion that the due process violation was harmless, I need to address the underlying issue as contested by the State in its response brief of whether the procedure used here was constitutionally proper at all. It is well established that the hallmarks of procedural due process are adequate notice and the opportunity to be heard. Concerning adequate notice, Mr. Pingleton did not receive adequate warning of the motion's contents, the motion dismissed contents, or any notice that it would be heard at the status hearing. The State, before this court, never challenges the appellate court's determination that Mr. Pingleton had inadequate notice of the State's motion to dismiss. As established by the record, on May 2018, the circuit court entered a docket entry for the following day setting up a status hearing. At that next day's status hearing, however, the circuit court first directed the State to argue its motion to dismiss before having post-conviction counsel and Mr. Pingleton argue the motion to withdraw, thus transforming the nature of that hearing to something far different and far beyond a simple status call. Just there's no entry in the record that would show that Mr. Pingleton had any notice that either motion would be argued at that status hearing. And just as importantly, the prosecutor never disputed Mr. Pingleton's assertions that he had never received a copy of the State's motion to dismiss. So stated more succinctly, Mr. Pingleton's post-conviction petition here, his only opportunity at a post-conviction petition was dismissed based on a motion he had never seen at a hearing where he would have no reason to suspect it would even be argued at. Weren't the contents the same as the motion to withdraw because the State adopted the motion to withdraw as its argument in the case? Yes, Your Honor. But by adopting the motion to withdraw, the State incorporated the motion to withdraw into its motion to dismiss. And the defendant certainly had notice of the contents of the motion to withdraw. Your Honor, he had a copy of the motion to withdraw, and he debated that. But I would push back a little bit on whether he had notice it would be argued at that status hearing. He filed not one but two replies, and he argued at the hearing without objecting to arguing. He didn't say I need some more time. He didn't ask for continuance. The judge said, well, we're going to argue this motion today, and he didn't object at all, and he argued. Correct? As referring to the motion to withdraw, yes, Your Honor. But I would argue here that notice and opportunity to respond to the motion to withdraw is not an adequate substitute for notice and opportunity to address the motion to dismiss. The motion to dismiss in this case was, for instance, untimely, and there was other statutory objections that Mr. Pendleton could make directed as to the motion to dismiss that wouldn't be applicable to the motion to withdraw. Well, let's say for a minute he does raise those, okay, and he wins those. Now we proceed to a third stage hearing and a meritless petition. I think the important part here is that even if Mr. Pendleton proceeded, at the second stage he would still have the ability to further amend his petition. And so without giving him the opportunity to respond or notice that he is challenging a dispositive motion, it's impossible to tell whether or not there's a possible amendment that could be made to the claims as they are now stated or to the petition generally that that could survive a State's motion to dismiss and ultimately warrant him relief. What would you have had the trial judge do? This case was pending for two years. It looks pretty clear like it's kind of drifting. The case is finally set for some kind of resolution on this motion to dismiss. All of the State adopts the defendant's petitioner's motion to dismiss. Your argument is that the court should have gone beyond that and done something else. What should the court have done? I ask that this Court require circuit courts to first address the matter of post-conviction counsel's representation and decide the motion to withdraw. And then only after that, again with adequate notice and the opportunity to respond, can the petitioner ---- Let's play this out. In the courtroom that day, motion to withdraw. There's a motion to dismiss pending. Everyone is aware of what the defendant's lawyer is arguing here. This is not a meritorious claim. Okay. So literally, after the court granted the motion to withdraw, what should the court have done? My position here is nothing else that day. Mr. Pendleton needs an opportunity to reassess and focus as towards the dispositive motion to dismiss, where he can either retain private counsel who doesn't share post-conviction counsel's assessment of the merits of the petition or maybe perhaps about a potential claim that isn't in the record and post-conviction counsel has an erroneous assessment of it. And so he would deserve the opportunity to see if he can find privately retained counsel or pro bono counsel. So motion to withdraw allowed. This case had been pending for over two years. Mr. Petitioner, Mr. Pendleton, what do you want to do? Is that what you're suggesting had to have happened in this case? Yes, Your Honor. Counsel, wouldn't all of this have been avoided had we had a situation where the trial court gave notice of what it intended to hear on the day that everything took place in terms of notification that we're going to hear the motion to dismiss and thereafter if the ‑‑ I'm sorry, the motion to withdraw, and if the motion to withdraw is granted or not granted, we will go forward on the motion to dismiss, advising everyone of that and allowing your client to have a copy of that. Would that have alleviated the problem? Yes, Your Honor, that would have alleviated quite a bit of the concern I have in this case because looking at post-conviction counsel's motion to withdraw, there is nothing on the face of that that would give him notice that that's a dispositive motion. And so if he has prior notice of the motion to dismiss and post-conviction counsel's motion, it's going to be decided at the hearing, that would at least give him an opportunity to prepare. I would still contend, though, that it would be difficult for a pro se litigant in that situation, not knowing whether or not they're going to be represented by counsel until this first hearing happens. And so there would be an uncertainty of how they should prepare, I suppose I would say. So I would still say that that's problematic. Can you address Justice Schmidt's comments about it being oxymoronic to allow the public defender's office to withdraw based upon the finding that the defendant's claims are meritless but then allow the defendant to proceed pro se on those same meritless claims? Yes, Your Honor. Well, first, I would push back that remanding for additional proceedings would have value in and of itself of protecting this critical and significant right to procedural due process. But I still think that fundamentally more at issue is second-stage proceedings are more amorphous and not fixed, and it's impossible to determine unless Mr. Pendleton actually has an opportunity whether or not he can amend these claims to potentially assert something meritorious. The appointed counsel in this filed a certificate, correct? Yes, Your Honor. And so the appointed counsel looked at the defendant's pro se filing, talked to the defendant about it, figured out everything the defendant wanted to raise, and then said, you've got nothing here. So now we've got to send it back for more second-stage because maybe the defendant might find something new. Well, post-conviction counsel isn't infallible, and not every potential claim Mr. Pendleton could conceive of would be included in the withdrawal litigation and be reviewed by the circuit court. So I would understand this Court's concern that in a majority of these claims that are being remanded, nothing meritorious would come from it, but I don't think that that's the case that's always going to occur, Your Honor. Is this a case about wasting time, or is this a case about what the essence of what someone else could raise if they have further research? Or is this case in essence about fundamentally everyone has a right to be notified of a hearing and have notice of that hearing and the ability to argue that hearing? Thank you, Your Honor. You're correct. The fundamental nature of procedural due process is to have the litigants stay in court, and that's something fundamental to our jurisprudence here. And it's not just for, as you point out, creating a record or coming up with a meritorious claim, but there is value in and of itself of being heard before the circuit court and having your claims presented. Because some of the arguments, it appears to me, that whether or not they can find something that's meritorious is not your issue, is it? And that's correct. I'm asking this court to require this procedure where the motion to withdraw is handled independently of the motion to dismiss, regardless of whether or not these meritorious claims can be found. And that the defendant would be notified of that motion and have an opportunity to be heard on that motion. Yes, Your Honor. And that's what your argument is fundamental? Yes. Can I ask you this? I assume in your practice as a State Appellate Defender that you filed an Anders brief in which you said you reviewed everything and there's no issues that you can determine, correct? I personally have not filed one, but I am aware of the practice. Pardon? I personally have not filed one, but I am aware of the practice. Do you know what happens when that, you know, how does the court proceed? Does the court notify the pro se petitioner that he needs more time to respond? Is there some kind of Supreme Court rule that allows a response at that point? What happens? As far as I can tell from others' experience, there is notification to the appellant who then has an opportunity to respond to counsel's motion and then if he does not file anything, the court decides based on the motion filed by. Is that part of the Supreme Court rule? Or is that just how practice works out? That's how the practice so far works. But I think. The trial was in 2006, right? Yes, Your Honor. And then this petition was filed in 15? Yes. And then it was finally resolved in what year? 2018. Counsel, I have a question for you. Does harmless error analysis apply to a violation of procedural due process at the second stage of post-conviction procedure? I would argue, I of course argue no. And I would ask this Court to use the procedure it's established in Bounds and Kitchen where there is this process of determining whether or not the procedural rights were afforded to the Petitioner and that takes place and must be rectified before there's any examination of the merits. Now, I will acknowledge that neither Bounds nor Kitchen expressly addresses the doctrine of harmless error, but there is an intentionality about this Court's refusal to even look or address the merits before it found that there was a procedural due process violation and remanded to remedy that situation before it could even consider the petition's merits. Now, along with that, I do recognize that in People v. Stoker, this Court did find that a right to procedural due process is subject to harmless error review in the context of Section 214.01 litigation. But Section 214.01 litigation and proceedings in the Act are entirely different. 214.01 proceedings are entirely civil, even if they can be used for civil and criminal litigants. But the Act is unique. This Court has recognized that it's a unique framework, and it's built by the legislature for and exclusively reserved to criminal defendants who are alleging that their very own liberty has been deprived, and that's through a violation of their constitutional rights, and so there's this heightened interest and concern in ensuring a fundamentally fair forum that only applies to the Act as opposed to Section 214.01. The same stakes aren't necessarily raised in Section 214.01 proceedings. And so I think that this underscores that the critical nature of process in adjudicating claims under the Act, especially at the second stage. And so, and even Stoker recognized that Section 214.01 proceedings in the Act are different forms of statutory relief designed for distinct and different purposes. So I would ask that this Court decline to extend the holding of Stoker to due process violations under the Post-Conviction Hearing Act and use the framework that's already established by this Court in People v. Bounds and People v. Kitchen. Reinforce the message that the Stoker Court's continued violation of a petitioner's rights  to another appointed counsel. He would either have to represent himself pro se or find a private attorney who does not have a shared post-conviction, appointed post-conviction counsel's assessment of the case. Separate from the issue of formal error, is there in this particular circumstance and in this kind of case, is there an argument that the defendant, by standing up and not objecting and so forth, waived the requirement of notice and the ability to be heard? Not in this specific circumstance, Your Honor, because the petitioner here is represented by counsel, so he cannot directly raise any concerns that he has as to the State's specific motion. So he can't complain that he didn't receive adequate notice or that he didn't receive a copy of the motion because he's represented by counsel who, at that hearing, and then counsel at that hearing is not representing his interests because he's trying to actively withdraw. And so there's this divorce of the interests of the post-conviction client and the post-conviction attorney. And so he didn't really have a mechanism to voice any objections to the procedure used before the circuit court. And, in fact, once the motion to withdraw was granted, at his first opportunity to object the procedure that was used, he raised it in the motion to reconsider that he had never received a copy of the State's motion to dismiss and that this procedure was fundamentally unfair. It was afterwards that he raised that? Yes. Not at the time? Not at the motion, the combined motion hearing. So the circuit court took the matter under advisement and didn't actually allow the attorney to withdraw at that hearing. It was only when he issued the order on the 22nd and the hearing took place on the 9th that counsel was allowed to withdraw and the State's motion to dismiss was granted. So at the hearing, he was represented by counsel the entire time. So because of the post-trial motion, there was no abandonment of any claim of not being notified or heard? Yes, Your Honor. It was preserved by the post-conviction petitioner in his motion to reconsider. Counsel, do we have to resolve the question of whether, under circumstances where the trial court found that the petition was meritless, do we have to resolve the question of whether or not that automatically means that the petition should be dismissed and your client is not entitled to further hearing? I'm really sorry, Your Honor. Can you please repeat your question? So under circumstances where, I think Justice Burke raised this question, it was determined that the petition was meritless and the court therefore ended up granting the motion to withdraw. Do we have to decide whether or not it's appropriate for the trial court to dismiss the petition once the trial court has determined that it's meritless and allowed counsel to withdraw? Do we have to answer that question? If this case is remanded for further proceedings, then whether or not the dismissal should have been granted is... You may finish. Thank you, Your Honor. Whether or not... Let's phrase it a different way. If it's found to be a meritless petition based on the motion to withdraw, should we automatically say then it should be dismissed or do we even have to answer that question? My position is you can't answer that question. You have to reverse it for these procedural protectional rights to actually occur before any examination of the petition's merits can be heard, and that's before the circuit court or before this court on appeal. Thank you. Mr. Levin? Or is it Levine? Levin. Thank you, Your Honor. May it please the court. I'm Assistant Attorney General Eric Levin on behalf of the people of the state of Illinois. The procedure that the circuit court employed in this case comported with the flexible and case-specific requirements of procedural due process. There is basically no dispute on this record that the defendant received notice of and was given meaningful opportunities to respond to his appointed counsel's motion to withdraw. That motion was the dispositive motion in this case, and the defendant's opportunity to respond to that motion is what satisfied the requirements of due process. Justice Holder-White, you asked the question of, I think, if I understood correctly, did the granting of that motion require the automatic dismissal of the petition? And the answer is yes. And I would slightly clarify the premise of your question. It's not simply that the court found that the claims were meritless. It found that they were frivolous and patently without merit. There was no other basis on which to grant a motion to withdraw. In People v. Greer and in People v. Cuner, this Court recognized that there will be situations where an appointed counsel determines, after fulfilling his or her duties under Rule 651C, meaning after consulting with the defendant and reviewing the record and considering whether or not any amendments are necessary, there will be situations where that appointed counsel nevertheless determines that the petition is frivolous or patently without merit and that any further proceedings would be unethical on counsel's part. And what the Court explained in Greer and in Cuner is that in those circumstances, appointed counsel can move to withdraw, explain to the court why the claims are frivolous or patently without merit, and it's not simply a matter of counsel's assessment. Ultimately, the court must determine that the claims are, in fact, frivolous or patently without merit. If the court were to say, no, I think there's something here, counsel, then the lawyer's motion to withdraw would be denied and the proceedings would continue. But where the court finds that the motion to withdraw is well taken and that the claims are, in fact, frivolous or patently without merit, there's simply nothing left for the court to do at that time. And I think that's what Justice Schmitt very aptly was describing in his numerous dissents from appellate court decisions to the contrary. He pointed out that if the court finds that these claims are frivolous or patently without merit, what do we expect to happen at any future hearing where the defendant will then pro se argue his claims? Here, the defendant, as I mentioned, had filed two responses to the motion to withdraw. He argued orally at the hearing. And in all of those venues, he advanced his argument that his claims were not frivolous and that he should be allowed to advance to a third stage hearing. So he had the opportunity to meaningfully object to the dismissal of his petition. And that's really what all the procedural due process required. There's no requirement that he be given a second hearing to make arguments that just couldn't possibly have succeeded. There's no possibility that after finding that the claims are frivolous and patently without merit, that the court might then say, well, but I think you've made a substantial showing of a constitutional violation sufficient to advance this to the third stage. What about opposing counsel's position that perhaps the defendant or newly retained counsel might come up with a viable claim? I don't think that's correct. Again, because this is not simply – counsel wasn't permitted to withdraw here simply because he assessed that these claims were frivolous. It required a finding by the trial court that the claims were frivolous or patently without merit to allow that withdrawal. As the court sort of analogized in People v. Kunert said, basically what this motion to withdraw is, is a motion to reconsider the first stage finding that the court had previously made. So certainly the defendant would not be entitled to a new lawyer at that stage, and he's also not entitled to litigate what have at that point been found to be frivolous claims, pro se. In People v. Greer, the court recognized that requiring counsel himself to continue to litigate the petition at that point would waste the resources of the court and the State for no purpose. And the same would be true of allowing the defendant at that stage to respond to the witness. He had already been given an opportunity, in this case multiple opportunities, to respond to the motion to withdraw, which, again, was a merits-based motion to withdraw. The only basis for withdrawal was that the claims were frivolous or patently without merit. I believe the way counsel phrased it was that the claims were unsupportable as a matter of law. Counsel explained that after reviewing the record and after consulting with the defendant, he could not find any claims to present. He could not find any basis for pursuing the litigation. And so at that stage, if the court disagrees, of course, then we have to proceed to the motion to dismiss. And at that point, the defendant would still be entitled to counsel. What concerns me is the concept of notice and the right to be heard is so fundamental to our jurisprudence that we have held that very dear in so many cases. And in this case, this person did not get notice that there was going to be a hearing on this other motion, correct? Well, that's correct, Your Honor. And I would absolutely agree that the tenets of procedural due process, the requirement of notice and an opportunity to be heard are fundamental to our law and extremely important. But I would push back on the premise that here the defendant did not receive the notice and opportunity to respond that he was entitled to. We will, on this record, we have really no choice but to agree that he didn't have notice that the motion to dismiss would be discussed at the hearing. But as I say, that motion to dismiss really was sort of, although it was filed before the motion to withdraw, it wouldn't really have become ripe for decision until the motion to withdraw was resolved. And as I say, if the motion to withdraw had been denied, well, then we have to litigate the motion to dismiss. And what I'm concerned about is your argument is correct that are we modifying the right to notice and the opportunity to be heard, which is so fundamental to our jurisprudence, because it appears, part of the argument is, well, it wouldn't matter in this case anyway. So if it doesn't matter in the case, if we think post hoc that really noticing the right to be heard doesn't matter because it would have been frivolous based on what we have now, not what we might have if there was a notice to be heard in a hearing, we can do away with that aspect. Because that's what you're asking us to do, is to do away in this case with the notice requirement on that motion and the right to be heard. I would disagree with that, Your Honor. That is not what we're asking the court to do. The question here is the defendant had his day in court. The dispositive motion in this case was the motion to withdraw. So the procedural due process question is did he receive notice and an opportunity to respond to that motion? There's no requirement and there's really no reason that he'd be afforded an opportunity to respond to a petition that never became right for review and that wasn't the motion upon which his petition was denied. The question is, did he have a meaningful opportunity to object to the motion to withdraw and to make his arguments against that motion? And he absolutely did in this case. There was another motion, wasn't there? There was a motion to dismiss and had the motion to withdraw been denied and then the litigation had been turned to the motion to dismiss, well, then obviously he or his counsel and both would have been entitled to notice and an opportunity to respond to that motion. But we never got there because The court did rule on the motion to dismiss, right? It did. It did and I think So what notice did the defendant have for that motion and then what opportunity did he have to be heard on that motion? Well, we do have the separate argument that even if that motion to withdraw itself wasn't dispositive, the fact of the matter is here the two motions were substantively identical. The State at the hearing adopted and incorporated the arguments from the motion to withdraw as its arguments for dismissal and really made no additional arguments. There's no indication from the record that the court relied on any arguments that were outside of that motion to withdraw. So even if the motion to withdraw did not itself resolve the case, the fact of the matter is here the defendant did have a meaningful opportunity to respond to the arguments upon which his petition was dismissed because they really were one and the same. But think about this. The defendant went in thinking that worst case scenario or maybe he considered a best case scenario, I won't have this lawyer anymore. Was the defendant and was he entitled to know that there was the potential that my case is being dismissed altogether? Well, I think he was on notice that the motion to withdraw argued that his claims were meritless. And under People v. Greer and People v. Cuner, that motion itself can only be granted on a finding of frivolousness. So we think that the defendant is on notice. He might not have been on notice that the motion to dismiss in a formal sense was going to be heard, but he knew what was at issue in this hearing. Do you believe a self-represented litigant, which ultimately he became, would know that? Well, he didn't have to know sort of the legal contours of what was happening, but he knew that the merits of his petition were at issue. Counsel was arguing that the claims were meritless. He responded numerous times that the claims were not meritless. And he was a fairly sophisticated pro se litigant. I mean, in the written responses, he argued that he had presented claims of constitutional dimension, I think was the terminology. He said that they warranted a third stage evidentiary hearing. On numerous occasions, he asked the court to advance the matter to the third stage. So he was clearly on notice that what was at issue here was the merits of his petition, and he was able to argue them. What bothers me is that in our whole tradition on this element of the right to a notice and the ability to be heard as a fundamental aspect of this law, has been upheld in so many cases without conditions, without saying, well, it wouldn't have mattered anyway. You know, an example in an adoption case, I think it's the Stanley case. In the Stanley case, there was no notice to the father. And so, therefore, the case was reversed or remanded. If my memory serves me correctly. And there are, you know, many cases where there has not been conditions on the right to notice and the right to be heard. In other words, they say we have a right to notice and a right to be heard, but not in this case because there's so much bad evidence against you that we're going to forget about it in this case. Well, Your Honor, that's our separate argument that even if there was a procedural due process violation here, it would be subject to harmless error review. And this Court held that in People v. Stoker. Now, I admit that that was a 214-01 proceeding rather than a post-conviction proceeding, but it was the exact same procedural due process violation or alleged procedural due process violation. There, undoubtedly, it was a procedural due process violation. The State had filed a motion to dismiss the defendant's 214-01 petition and the Court, I think four days later, just granted it without any opportunity for the defendant to respond. And this Court recognized that even errors of constitutional dimension, the strong presumption is that they are subject to harmless error review. I would note that even at trial, most errors are subject to harmless error review. That case you're talking about is sort of different from this case. Well, the error, the alleged procedural error was exactly the same. The only difference is that it was a petition for relief from judgment rather than a post-conviction petition. But there's really no meaningful distinction between those two from the perspective of is the procedural error in the proceedings amenable to harmless error review. The fact that they involve constitutional claims really doesn't matter because as the Court explained in Stoker, the strong presumption is that even errors of constitutional dimension are subject to harmless error review. How would you phrase the principle that when the right to notice and the right to be heard can be ignored? How would you phrase that as the legal principle? I would say that that right should never be ignored and can never be ignored. But there are two separate issues here. One is, was there even a procedural due process violation in this case? And here there wasn't because the defendant did have notice and an opportunity to respond to what was the dispositive motion in the case. But the separate argument is that even if there were a procedural due process violation here, subjecting that error to harmless error review is not to ignore it. The Court would still recognize that there had been an error and it would let the trial courts know in the future how to properly litigate these matters. But then the separate question is, are we going to expend scarce judicial resources remanding a frivolous petition for further proceedings? And in Stoker, the Court said no. That's not the way we do things. Is the right to notice and the right to be heard frivolous? No. Well, those rights are certainly not frivolous. The Court recognized in Stoker that the right to procedural due process is of the utmost importance. And even there, the Court recognized, though, that where the claims are simply incurable as a matter of law, where further proceedings just could not give the defendant any relief, we're not going to waste the scarce judicial resources sending the matter back just so the defendant can now argue, you know, a doomed position. The distinction is a merits-based ruling. Unlike in Kitchen and Bounds and the adoption case and some of these other cases, this was a merits-based decision on the motion. Absolutely. And that's why there's... And, you know, Justice Tice drew the analogy to an Anders case. When an Anders motion is made and it's granted, then part of the order of the appellate court is affirming the trial court. Exactly. And I think that's the perfect analogy to this case. And I think even Justice Schmitt drew that analogy in one or two of his dissents. And I'm not aware of any Supreme Court rule that governs Anders or Finley motions, but the general practice, in my experience, is that the defendant is given an opportunity to respond to counsel's motion to withdraw, which the defendant here was, and then the court will resolve that motion to withdraw based on the motion and any response filed by the defendant. And if the court finds that the appeal, in an Anders case, is frivolous, it grants the motion to withdraw, and that then ends the appeal. The court then doesn't say, well, now we'll accept a pro se brief from the defendant. Do you know, is there some process in place in all of the appellate districts to notify the defendant that an Anders has been filed? So, in other words, giving them an opportunity to respond. Is there some... I'm not sure if there's any written procedure, but in my experience, that is exactly what happens. The counsel files the motion to withdraw, serves it on the defendant, and I believe the court will also, if I'm not mistaken, enter an order directing or allowing the defendant to file any response he may have. Sometimes the defendant does, sometimes the defendant doesn't, but the defendant is always given that opportunity, which is exactly what happened here. If we were to determine that there was a violation of due process, but that it was harmless error, then do we have to answer the question of whether or not a finding that there's no merit allowing the motion to withdraw, that that automatically means that the petition is dismissed? Do we have to answer that question if we... No, the court does not have to answer that question here because we have the alternative argument that in this particular case, because the motion to withdraw and the motion to dismiss were substantively identical, and because the state adopted the motion to withdraw's arguments, the defendant had an opportunity to respond to the motion to dismiss through that route. So the court wouldn't have to address the first argument we make. I think it would probably be helpful for the lower courts to have this court explain how the procedure should be followed in these cases where you have a motion to withdraw. I mean, they do happen with some frequency, and I think the courts, the lower courts would appreciate knowing  to respond to the motion to dismiss once the motion to withdraw is granted, or is the motion to withdraw essentially the ballgame? So while the court doesn't have to address that question, I think it would be helpful if the court did to give that guidance to the lower courts. And with respect to the Finley analogy, so you agree that in those instances the defendant is allowed to respond? Absolutely. It's not a situation where the motion is filed and granted and there's no notice to the defendant and the defendant has no opportunity to respond? Absolutely. The defendant is entitled to respond to that motion to withdraw. Just as the defendant here was given an opportunity and took advantage of that opportunity to make several responses to the motion to withdraw. Our argument is simply that he's not entitled to a separate opportunity to respond to some other motion that never really becomes ripe for review and isn't the dispositive motion in the case. Well, it was dispositive if it was a motion to dismiss, right? It would have been. It was granted. Well, the court granted both of them. Again, I think because the court was a little unclear on exactly the procedures that should be followed. But from a logical standpoint, once that motion to withdraw was granted, there was really nothing left to do. It would have been illogical for the court to grant the motion to withdraw based on a finding that the claims are frivolous or patently without merit. In this case, we have to make the assumption without notice and without a right to be heard on this other motion that they couldn't have done anything anyway. We have to assume that, don't we? To affirm this case, we have to assume that. Well, I think what the court has to, I wouldn't even say assume, but I would say recognize is that, one, the motion to withdraw ended the case. And additionally, yes, there really was nothing else. As I say, it would not have made a whole lot of sense for the trial court to say, motion to withdraw granted because I find these claims are frivolous and patently without merit, but yet I'm not sure about which way the motion to dismiss should come out. I mean, the motion to withdraw basically resolved the merits of the petition. Thank you, counsel. I'm sorry. Thank you, Your Honor. Mr. Richard? I would first, excuse me, I would first like to address this issue of whether or not the dispositive motion was the motion to withdraw or the motion to dismiss. The Act and all of the appellate courts have been clear that the dispositive motion in a post-conviction counsel, or excuse me, in a post-conviction case, and that's Jackson, the Fourth District in Greer, Shortridge, Williams, Triplett, they all make clear that the dispositive motion is the motion to dismiss and not the motion to withdraw. This Court in Greer could have established that a motion to withdraw effectively ends the case and overturned the Fourth District decision below it, but it didn't. Both Greer and Keener make clear that a motion to withdraw resolves exactly that, counsel's representation, and it doesn't automatically dispose of a case. And that's proper because this Court, or post-conviction counsel has competing duties here to both zealously protect their interests and avoid advancing frivolous claims, and the balance that this Court struck in Greer and Keener is for counsel to withdraw, not for counsel to assume the role of the state, assume the state's discretion and whether or not they even want to file a motion to dismiss and become an adversary to their client. And so to be very clear, a motion to withdraw is simply that a motion to withdraw is counsel and it's not a dismissal motion. And the Act also reinforces that interpretation by its own plain language. The Act specifically provides that the state can move to dismiss. It doesn't provide that post-conviction counsel can move to dismiss a claim. I guess I'm still confused. The defendant here filed a pro se petition in which he argued that trial counsel was ineffective for failing to raise the objective certain evidence. Appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel. He raised those issues to the Court. The Court said, okay, I'm going to appoint a lawyer to investigate. The lawyer comes back and says, I've looked at those two claims and they're frivolous and without merit. What happens next in your theory? What happens? So we'd say, okay, we're going to set this case back and now Mr. Pingleton has an opportunity to have another hearing on the motion to dismiss. What's that going to look like? At that motion to dismiss, he can raise any objections that are based on outside the record information that we don't have here before us. He already had filed his petition where he raised two issues, right? Yes, Your Honor. So we're going to give him another chance to raise new issues? Is that what you're saying? Yes, because the second stage of the Act is designed to be this amendment period for petitioners to revise their petition. And so I think that when he has knowledge that he has to respond to this dispositive motion, not the matter of counsel's motion to withdraw, but this dispositive motion that's going to decide his case, that he then is going to have to marshal everything he can and put it in against that motion to dismiss. I think that's a different question of counsel's motion to withdraw, responding and notice an opportunity to respond to that. Regarding this Court's... It was discussed by... But by the State as well about appellate court cases and the procedure for appellate court cases. Litigation before the appellate court is based on a fixed record that's different than the proceedings that are under the Act, again, where it's designed for amendments and off-the-record information to come in. And so the procedure that we use for the appellate court should not apply at the circuit court level. And the State brought up repeatedly that the petitioner asked for third stage, for the advancement of his petition to the third stage and the motion to withdraw briefing. But at the actual hearing, he asked to proceed per se. So it's clear that he didn't conceptualize the motion to withdraw as a dispositive motion, but instead, and rightly so, according to all the appellate court cases that were decided at the time, that this was only going to be the matter of counsel's representation. That's the only thing that was going to be decided at that hearing. I mean, is it the same argument, then, really, that the reason that it's a due process violation is because a defendant should be allowed to move forward and put in new claims if he finds them? That's the same as saying, really, we shouldn't find harmless error, because the defendant may come up with new claims that don't, you know, that the harmless error doesn't apply to. Is it the same argument? Your Honor, I'm not sure if it's the same argument here. The petitioner does have a procedural due process right, and whether or not there's a violation of that is going to be distinct of whether or not harmless error can apply, and I think here the violation is a fundamental unfairness, as one aspect, a fundamental unfairness of not being able to respond to a dispositive motion, but included in that is this concept that we can't remand for, or excuse me, we can't hold that it's harmless because we don't know what the record, how the record could be amended to resolve any potential issues in advance of his claims. What would have happened if the state withdrew the motion to dismiss? Then Mr. Pendleton would have proceeded pro se on the on the just to clarify, withdrew the motion to dismiss at the hearing? Right, so let's say the court granted the motion to withdraw and then the state said we're withdrawing the motion to dismiss. Then the case would have proceeded to to either additional second stage proceedings if the state moved to answer or if they didn't it would proceed to an evidentiary hearing with Mr. Pendleton proceeding pro se or again if you could find a private attorney or a pro bono attorney to represent his interests. If there are no further questions from this court then Mr. Pendleton would ask that this court reverse the appellate court's decision and remand for additional second stage proceedings that afford him the proper notice and the assistance of counsel or the opportunity to proceed pro se. I just have one question on imaging. If you had a drawing that would be included in the statute, right? Excuse me, I didn't A what, your honor? That would be included in the statute, correct? In this case. Thank you, your honor. Case number 57680 Peoples State of Illinois v. John Pendleton will be taken under advisement as agenda number three. Thank you Mr. Wittrich for your argument this morning and also Eric Levin for your argument this morning.